**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY C. COPPOLELLA, et al., | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:19-CV-303 |
| | : | |
| vs. | : | (JUDGE MANNION) |
| | : | |
| DIEGO I. AROCA, et al, | : | (MAGISTRATE JUDGE SAPORITO) |
| | : | |
| Defendants | : | |

## ORDER OF COURT CONCERNING G.M.K.

AND NOW, this _____ day of October, 2020, upon consideration
of the attached Petition and after Conference thereon, it is hereby
ORDERED that the settlement of the claims/causes of action of G.M.K.
in the total sum of $35,800.00 (all of which is to be paid by the
third party carrier, The Hartford Insurance Company, formerly known
as Navigators Insurance Company) be, and the same is, hereby
approved, counsel fees are allowed and distribution is directed as
follows:

1. To G.M.K. the sum of $25,930.88, said funds to be placed in
   a Certificate of Deposit issued by PNC Bank and insured by
   the Federal Deposit Insurance Corporation with no
   withdrawals therefrom without an Order from a court of
   competent jurisdiction and in the absence of such Order
   such funds to remain so invested until G.M.K. attains the
   age of eighteen (18) years.  Proof of deposit is to be
   filed with this Court within twenty (20) days of the
   receipt of the settlement funds by the minor's counsel.

2.    To Harold J.J. DeWalt, Jr., Esquire the sum of $8,950.00
      representing his counsel fee.

3.    To Harold J.J. Dewalt, Jr., Esquire the sum of $919.12
      representing costs reimbursement.


The terms of the proposed Release attached to the Petition as

Exhibit "J" are approved and Kenneth D. King, as parent and natural

guardian of G.M.K., is hereby authorized to execute said Release on

behalf of himself and the minor child.

After receipt of the settlement funds, the minor's counsel shall

file the appropriate documentation to discontinue this action with

respect to all Defendants.


                         BY THE COURT:


                         _____
                                                             J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY C. COPPOLELLA, et al., | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:19-CV-303 |
| | : | |
| vs. | : | (JUDGE MANNION) |
| | : | |
| DIEGO I. AROCA, et al, | : | (MAGISTRATE JUDGE SAPORITO) |
| | : | |
| Defendants | : | |

**PETITION TO COMPROMISE THE CLAIM OF MINOR, G.M.K.,**
**AND TO AUTHORIZE DISTRIBUTION OF SETTLEMENT PROCEEDS**

The Petition of G.M.K., by and through her parent and natural guardian, Kenneth D. King, and their attorney, Harold J.J. DeWalt, Jr., Esquire, respectfully represents:

1.    Kenneth D. King is the parent and natural guardian of the minor, G.M.K., whose date of birth is 2003.  Parent and child, at all times relevant hereto, have resided in Northampton County, Pennsylvania.

2.    On July 3, 2017, G.M.K. was a passenger in a GMC Acadia SUV which was operated by Anthony C. Coppolella westbound on Interstate 80 in Foster Township, Luzerne County, Pennsylvania.

3.    At approximately 9:25 a.m. on July 3, 2017, the SUV in which the minor was a passenger was rear-ended at or about mile post

267.4 by a speeding, overweight dump truck operated by the Defendant, Diego I. Aroca, and owned by the Defendant, NYC Stone Corp.

4.    There ensued a chain-reaction collision in which multiple other vehicles were damaged and their occupants injured.

5.    As a consequence of the collision, G.M.K. sustained the following injuries:

> (a)   post-traumatic stress disorder with post-traumatic headaches, vestibular dysfunction, dizziness, chronic anxiety, emotionality and fearfulness;
>
> (b)   cervical strain;
>
> (c)   lumbar strain;
>
> (d)   right flank strain; and
>
> (e)   right shin abrasion.

6.    The minor received timely and necessary medical treatment for her injuries and incurred total medical bills in the amount of $7,085.35.

(The List of Medical Bills in the matter of G.M.K. vs. Diego I. Aroca and NYC Stone Corp. is appended hereto as **Exhibit "A"**).

7.    All of G.M.K.'s medical bills were paid by her applicable first party insurer, Allstate, or adjusted/forgiven by her health care providers.

8.     There remains no balance due to any health care provider for medical services rendered to G.M.K. as a consequence of the injuries she sustained on July 3, 2017.

9.     Robert W. Mauthe, M.D., board certified physiatrist, certified electromyographer and certified independent medical examiner, was requested by the minor's counsel to review all medical records and diagnostic studies pertinent to this matter, to obtain a current history from the child and to perform a physical examination of the child.

(A true and correct copy of Dr. Mauthe's curriculum vitae is appended hereto as **Exhibit "B"**).

10.    Dr. Mauthe was requested to prepare a report and to specifically set forth his opinions concerning the following matters:

      (a)  the nature and extent of the minor's injuries;

      (b)  the minor's present condition; and

      (c)  the minor's prognosis.

11.    On July 24, 2020, after (a) his review of the pertinent medical records and diagnostic studies, (b) his obtaining the child's treatment history and stated current status and (c) his performing of a physical examination on G.M.K., Dr. Mauthe rendered his report.

(A true and correct copy of Dr. Mauthe's July 24, 2020 report concerning G.M.K. is appended hereto as **Exhibit "C"**).

3

12.    The Impression/Prognosis rendered by Dr. Mauthe is as

follows:

> At present, she still has a little bit of
> stress and anxiety with PTSD from the accident
> itself, but she is dealing with it at present, no
> longer in counseling.  No medication.
>
> She has completely and fully resolved from
> her musculoskeletal injuries as of December 28,
> 2017.  However, she did still have some residual
> stress issues that she is trying to deal with.
>
> As it would pertain to the future, she
> requires no treatment; although counseling does
> remain an option for her should she feel the
> need.
>
> She may participate in any form of athletics
> that she so chooses.

13.    Dr. Mauthe's report of July 24, 2020 has been read by

Kenneth D. King and Mr. King is in agreement with all material terms

thereof, including the report's impression and prognosis concerning

the child's physical and emotional condition.

14.    At all times relevant hereto, the Defendants, Diego I.

Aroca and NYC Stone Corp., were insured under a policy of liability

insurance issued by Navigators Management Company, Inc.

15.    Said insurance policy had a single liability limit of

$1 million per accident.

16.   On February 22, 2019, the minor's counsel commenced suit on behalf of G.M.K. and the seven (7) other individuals who occupied the GMC Acadia at the time of the crash.

17.   Subsequent to months of investigation and written and oral discovery, and upon demand from counsel for the eight (8) occupants of the GMC Acadia, counsel for the Defendants agreed to conditionally tender the third party liability limits of $1 million, minus the amounts that needed to be paid to other individuals for injuries and property damage sustained in the crash.
(A true and correct copy of the tender letter of 10/14/2019 from defense counsel is appended hereto as **Exhibit "D"**).

18.   During the Allocation Conferences discussed hereinafter it was ascertained with certainty that the net amount of the conditional tender is $895,000.00.

19.   Additionally, the eight (8) occupants had available to them underinsured motorists benefits through policies of automobile insurance issued by State Farm.

20.   All eight (8) occupants had available to them underinsured motorists benefits with a total limit of $90,000.00 through a State Farm policy issued to Anthony C. Coppolella and Kelli S. Coppolella.

21.   B.W.G. and M.S.G. had available to them underinsured motorists benefits with a total limit of $30,000.00 through a State Farm policy issued to their father, Alex W. Gill.

22.   After months of discussions and negotiations between Plaintiffs' counsel and State Farm, in February, 2020, State Farm offered to tender the underinsured motorists limits of the above-discussed two (2) policies with the understanding that apportionment would be determined in the future pursuant to court order. (True and correct copies of correspondence dated 02/11/2020 and 02/19/2020 from Paula Trechock of State Farm are appended hereto collectively as **Exhibit "E"**).

23.   Allocation conferences were conducted in this matter by the Honorable Joseph F. Saporito, Jr. on June 9, 2020 and June 23, 2020 for the purpose of discussing and determining the allocation of the gross settlement fund consisting of the $895,000.00 third party proceeds and the $120,000.00 underinsured motorists proceeds.

24.   As a consequence of the outcome of the allocation conferences, and upon the express consent and approval of Kenneth D. King as the parent and natural guardian of G.M.K., it was determined that G.M.K. is to receive $35,800.00 of the gross settlement fund,

all of which is to be paid by the third party carrier, The Hartford
Insurance Company, formerly known as Navigators Insurance Company.

25.  Plaintiffs' counsel in this case was retained pursuant to a
Contingent Fee Agreement which provides that counsel is to receive
25% of any amount recovered before suit has been commenced or 30% of
any amount recovered after the commencement of suit.
(A true and correct copy of the fully executed Contingent Fee
Agreement dated 07/24/2017 is appended hereto as **Exhibit "F"**).

26.  Plaintiffs' counsel has agreed to voluntarily reduce his
fee to the Northampton County lodestar amount of **25% of the gross
recovery attributed to the minor.**  (See Northampton County Local Rule
of Civil Procedure N2039).

27.  The minor's share of general expenses incurred by
Plaintiffs' counsel in this matter is $335.63.
(A true and correct copy of the List of General Expenses is appended
hereto as **Exhibit "G"**).

28.  Additionally, Plaintiffs' counsel incurred expenses in the
amount of $583.49 to obtain copies of the minor's medical records,
medical reports and medical bills.
(A true and correct copy of the List of Expenses Regarding G.M.K. is
appended hereto as **Exhibit "H"**).

7

29.  It is proposed by Kenneth D. King and his counsel that distribution of the $35,800.00 settlement to G.M.K. be made as follows:

|     |                                                                                              |            |
| --- | -------------------------------------------------------------------------------------------- | ---------- |
| (a) | G.M.K.<br>(pursuant to the deposit requirements<br>of Pa. Rule of Civil Procedure<br>2039(b)(2)) | $25,930.88 |
| (b) | Harold J.J. DeWalt, Jr., Esquire<br>counsel fee                                              | $ 8,950.00 |
| (c) | Harold J.J. DeWalt, Jr., Esquire<br>costs reimbursement                                      | $   919.12 |

30.  Kenneth D. King approves of the proposed settlement and distribution because he considers it fair and reasonable in light of the pertinent circumstances and the present physical and mental condition of G.M.K.

(A true and correct copy of the Statement Under Oath of Kenneth D. King is appended hereto as **Exhibit "I"**).

31.  A proposed Release has been prepared and approved by the Petitioners and the Defendants and their respective counsel.

(A true and correct copy of the proposed Release is appended hereto as **Exhibit "J"**).

WHEREFORE, your Petitioners pray that an Order be entered approving the settlement, allowing counsel fees and costs, authorizing

the execution of the proposed Release and ordering distribution as indicated above.

RESPECTFULLY SUBMITTED:

HAROLD J.J. DeWALT, JR., ESQUIRE
I.D. No.  41326
8 North Main Street
Nazareth, Pennsylvania 18064
(610) 759-7600
Attorney for Kenneth D. King, as parent
and natural guardian of G.M.K.

LIST OF MEDICAL BILLS IN THE MATTER OF
G.M.K. vs. DIEGO AROCA AND NYC STONE CORPORATION
(as of 06/02/2020)

| SERVICE DATE | PROVIDER | AMT. BILLED | AMT. PAID | PAYOR(S) | AMT. OF WRITTEN-OFF | AMT. OF ADJUSTMENT | BAL. OWED |
|---|---|---|---|---|---|---|---|
| 07/03/2017 — | LVH – Hazleton | $ 5,033.45 | $ 120.01 | Allstate Insurance | $0.00 | $4,913.44 | $ 0.00 |
| 07/03/2017 — 01/25/2018 | LVHN Professional Charges | $ 785.00 | $ 440.15 | Allstate Insurance | $0.00 | $ 344.85 | $ 0.00 |
| 07/03/2017 | Freeland Northside Community Ambulance | $ 811.90 | $ 487.14 | Allstate Insurance | $0.00 | $ 324.76 | $ 0.00 |
| 07/06/2017 | Medical Imaging of Lehigh Valley | $ 55.00 | $ 17.31 | Allstate Insurance | $0.00 | $ 37.69 | $ 0.00 |
| 10/05/2017 — 11/16/2017 | Curtis G. Kemmerer, M.Div., LMFT | $ 400.00 | $ 400.00 | Allstate Insurance | $0.00 | $ 0.00 | $ 0.00 |
| | TOTAL: | $7,085.35 | $1,464.61 | | $0.00 | $5,620.74 | $ 0.00 |

EXHIBIT "A"

# ROBERT W. MAUTHE, M.D., P.C.

4676 Route 309
Center Valley, PA 18034
(610) 791-7690
(610) 791-7693 FAX

**MEDICAL EDUCATION:**

Temple University Hospital
Moss Rehabilitation Hospital
3401 N. Broad Street
Philadelphia, PA 19140
Completed: June 1989

Albert Einstein Medical Center
5501 Old York Road
Philadelphia, PA 19141
Department of Internal Medicine
Completed: June 1986

Medical College of Virginia
401 N. 12th Street
Richmond, VA
Degree: M.D.
Graduation: May 1985

**UNDERGRADUATE EDUCATION:**

College of William & Mary
Williamsburg, VA
Major: Biology
Degree: B.S.
Graduation: December 1980

**EMPLOYMENT HISTORY:**

New Location of
Private Practice
Center Valley, PA 18034
June 2004 - present

Private Practice of
Quakertown, PA 18951
July 1998 - May 2004

Medical Director
Physical Medicine & Rehabilitation
St. Luke's Hospital
Bethlehem, PA 18015
July 1989 — July 1998

**LICENSURE:**

Pennsylvania Medical Board
Commonwealth of Pennsylvania
MD-036783-E
Issued:  September 12, 1986

Arizona Medical Board
State of Arizona
License # 40902
Issued:  September 09, 2008

**BOARD / CERTIFICATION:**

Board Certified in Physical Medicine and
Rehabilitation – May 1990

Certified Electromyographer 1991

Certified Independent Medical Examiner
October 1996
Re-certified October 2001 &  February 2006

Certified Impairment Rating Evaluations
June 2001
Re- certified June 2008 - 6th Edition

Board Certified sub-specialty in Pain Medicine
September 11, 2004 to December 31, 2014

**STAFF APPOINTMENTS:**

St. Luke's Bethlehem
Bethlehem, PA 18015
January 22, 1990 to Present

St. Luke's Quakertown
Quakertown, PA 18951
January 28, 1999 to Present

St. Luke's Allentown
Allentown, PA 18103
March 27, 2000 to Present

Sacred Heart Hospital
Allentown, PA 18102
June 24, 2003 to Present

Fibromyalgia Support Group from
St. Luke's Hospital
Medical Director
1989-1998

**MEMBERSHIPS:**                                North American Spine Society

**CREDENTIALS:**                                Fellow:  American Academy of Physical Medicine
                                                & Rehabilitation

                                                Fellow:  American Association of Electrodiagnostic
                                                Medicine

                                                **Oral Examiner** for American Board of Physical
                                                Medicine and Rehabilitation: 1995, 1997, and 1998


**PUBLICATIONS:**                               **Predicting Discharge Destination** of Stroke Patients Using a
                                                Mathematical Model Based on Six Items from The Functional
                                                Independence Measure Archives of Physical Medicine and
                                                Rehabilitation Vol. 77, January 1996


CMEs and lecture presentations available upon request


EXHIBIT "B-3"

**ROBERT W. MAUTHE, M.D.**
**Board Certified Physiatrist**
**Certified Electromyographer**
**Certified Independent Medical Examiner**

4676 Route 309
Center Valley, PA 18034

                                                    (610) 791-7690
                                          FAX   (610) 791-7693

## INDEPENDENT MEDICAL EXAMINATION

Patient:    G▮▮▮▮▮▮▮ K▮▮▮
DOI: 07/03/2017 (MVA)

Date of Examination:  07/24/2020
Referral Source:      Harold Joseph James DeWalt, Jr., Esquire
Examining Physician:  Robert W. Mauthe, M.D., C.I.M.E.
Examination Location: 4676 Route 309
                      Center Valley, PA 18034

───────────────────────────────────────────────

                        July 24, 2020

Harold Joseph James DeWalt, Jr., Esquire
The Kraemer-Beck Mansion
8 North Main Street
Nazareth, PA 18064

                RE:    G▮▮▮▮▮▮ K▮▮▮

Dear Attorney DeWalt:

     At your request, an IME was performed on ▮▮ G▮▮▮▮▮▮▮ K▮▮▮ at my
Center Valley office on 07/24/2020.

     She was driven to the examination. She arrived on time and was
seen promptly.

     As is my custom, I greeted ▮▮▮ G▮▮▮▮▮▮ K▮▮▮ in the foyer, where
COVID screening was performed.

     She was then brought back to the examination room where she was
informed this is for the purpose of an Independent Medical
Examination, that no doctor/patient relationship exists, and that a
report would be provided to you based on the history, physical
examination, and review of the records.

**RECORD REVIEW:**

     Records reviewed in the preparation of this report include:

1.     EMS report, 07/03/2017.
2.     Emergency Room report from the date of trauma, 07/03/2017,
       including a CT of the brain, 07/03/2017; x-ray of the
       lumbar spine, 07/03/2017.
2.     Counseling, Curtis Kemmerer, 10/05/2017 through 11/16/2017.

                      EXHIBIT "C-1"

RE: G█████ K█
DOE: 07/24/2020                                                    -2-

3.   Dr. Sperazza, LVPG Family Medicine, 07/05/2017 through
     12/28/2017.

## REVIEW OF DIAGNOSTIC STUDIES:

Diagnostic studies available for my review include:

1.   CT, brain, 07/03/2017.
2.   X-ray, lumbar spine, 07/03/2017.
3.   X-ray, bilateral ribs, 07/03/2017.
4.   Chest x-ray, 07/03/2017.

The history is otherwise taken from ████ G████████ K██.

## HISTORY:

████ G████████ K██ is now a 16-year-old young lady about to enter
her senior year at Pen Argyl High School.

On 07/03/2017, she was a restrained passenger seated in the
second row, left side, of the GMC Acadia, when she was involved in a
motor vehicle accident on 07/03/2017. They were on their way to
Knoebels Amusement Resort.

Records indicate the vehicle was traveling West on Route 80,
stopped due to traffic and hit by a dump truck in the rear, causing a
chain reaction involving 5 more vehicles.

She was transported by ambulance to Lehigh Valley Hospital-
Hazleton. She was complaining at that time of right flank pain. No
loss of consciousness. She was noted to have an abrasion of her skin
and a bruise of her left knee.

Post-accident, she treated with her family physician and
underwent counseling.

## CURRENT STATUS:

At present, she still has a little bit of stress and anxiety with
PTSD from the accident itself, but she is dealing with it at present,
no longer in counseling. No medications.

## PHYSICAL EXAMINATION:

On examination today, she is 5 feet 5 inches in height and weighs
125 pounds.

Speech and language functions are normal. She is alert and
oriented x3. She follows all my commands. No cognitive or memory
issues.

She has normal sagittal balance and level pelvis. She has full
and unencumbered lumbar flexion and extension.

RE: G████████ K███                                                    -3-
DOE: 07/24/2020

Neck range of motion normal in flexion, extension, and right and left lateral rotation.

Upper extremity range of motion normal. Normal strength. No signs of impingement.

Lower extremities are normal. No edema or abnormalities noted in the knees.

**IMPRESSION:**

I offer the following opinions to within reasonable medical certainty.

As a direct result of the motor vehicle accident on 07/03/2017, ████ G████████ K███ suffered the following injuries:

1.  Post-traumatic stress disorder with post-traumatic headaches, vestibular dysfunction, dizziness, with chronic anxiety, emotionality, and fearfulness.
2.  Cervical strain.
3.  Lumbar strain.
4.  Right flank strain.
5.  Right shin abrasion.

Based on my review of the records, ████ G████████ K███, had completely and fully resolved from her musculoskeletal injuries as of 12/28/2017. However, she did still have some residual stress issues that she is trying to deal with.

Her treatment, as outlined above, has been reasonable, necessary, and causally related.

As it would pertain to the future, she requires no treatment; although counseling does remain an option for her should she feel the need.

She may participate in any form of athletics that she so chooses.

All these opinions are rendered within reasonable medical certainty and based on the available medical information. Should any additional information become available, I will review it and provide an addendum.

If you have any further questions, please do not hesitate to contact me.

Respectfully submitted,

Robert W. Mauthe, M.D.

RWM:nll
D & T: 07/24/2020

EXHIBIT "C-3"

# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

A PROFESSIONAL CORPORATION
P.O. Box 3118, Scranton, PA 18505-3118
(570) 496-4600  Fax (570) 496-0567

Direct Dial: (570) 496-4603
Email: jtmcgrath@mdwcg.com

| | |
|---|---|
| **PENNSYLVANIA** | **OHIO** |
| Allentown | Cincinnati |
| Doylestown | Cleveland |
| Erie | |
| Harrisburg | **FLORIDA** |
| King of Prussia | Ft. Lauderdale |
| Philadelphia | Jacksonville |
| Pittsburgh | Orlando |
| Scranton | Tampa |
| **NEW JERSEY** | **NEW YORK** |
| Mount Laurel | Long Island |
| Roseland | New York City |
| | Westchester |
| **DELAWARE** | |
| Wilmington | |

October 14, 2019

Harold J.J. DeWalt, Jr., Esquire
The Kraemer-Beck Mansion
8 North Main Street
Nazareth, PA 18064

     RE:   Anthony C. Coppolella, et al. v. Diego I. Aroca, NYC Stone Corp. and Multi-Phase
         Electrical Services, Inc.
         Docket No.:   3:19-CV-303
         Our File No.:   14027.00172

Dear Harry:

    As per our conversations, I have drafted a letter, a copy of which I have enclosed, which I will send to the court upon your approval, and the approval of Casey Gillsepie, who represents Dana and David Sobolewski, who have also brought suit in this matter.

    The policy, as it stands right now, has $957,940.00. As discussed, the Plaintiff, Taylor Nowicky, who has brought a case in Luzerne County, under docket number 2019-8405, will agree to take $5,000.00 and, as discussed, we mutually feel it would be best to settle that action prior to negotiating the remainder of the policy. There is also the award which Elizabeth Rutkowski received for property damage in a Luzerne County arbitration in the amount of $4,345.90.

    That being said, there is a remainder of $948,594.10, which we are hoping a mediator from the federal system will distribute between your clients and the David and Sobolewski plaintiffs, whose case has been brought in Luzerne County under docket number 2019-03933. I have a call in to Casey Gillespie, their lawyer, to make a determination as to whether or not she is agreeable to resolving the claim in this fashion and I cannot imagine she would not agree. As soon as I hear from her, I will let you know. After you have had an opportunity to review the enclosed correspondence, and any revisions you may have to it, please let me know, as I would like to get this letter to the court as soon as possible. I look forward to your prompt response.

EXHIBIT "D-1"

Harold J.J. DeWalt, Jr., Esquire
October 14, 2019
Page 2

Thank you.

Sincerely,

*John T. McGrath*

John T. McGrath, Esquire

JTM:jmb

LEGAL/125499404.v1

EXHIBIT  "D-2"

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**

February 11, 2020

Harold Dewalt, Jr Attorney
8 N Main St
Nazareth PA  18064

State Farm Claims
PO Box 106171
Atlanta GA 30348-6171

RE:    Claim Number:        38-0663-H42
       Date of Loss:        July 3, 2017
       Our Insured:         Kelli Coppolella
       Policy Number:       2086540381
       Your Client(s):      Kelli Coppolella, et. al.

Dear Mr. Dewalt:

This letter confirms that State Farm Mutual Automobile Insurance Company is tendering the limits under Kelli Coppolella's policy number 2086-540-38.

All occupants of the vehicle, Kelli Coppolella, Anthony Coppolella, Sr., Anthony Coppolella Jr., V███ C███████, B███ G█, M██████ G█, G███████ K██ and N████ K██ will qualify for the applicable UIM coverage of the described vehicle which is 15/30.  That will be split between all 8 occupants.

Kelli Coppolella, Anthony Coppolella, Sr., Anthony Coppolella, Jr., V████ O████████, B███ G█ and M██████ G█ will qualify for the available stacking UIM coverage of 30/60.

The total amount of UIM coverage available from the Coppolella policy is 45/90.

Once you have confirmed the residency of the ███ children, please let me know where they primarily reside.  If you have any questions, please contact me at the telephone number below.

Sincerely,

Paula Trechock
Claim Specialist
(610) 361-5774
Fax: (855) 820-6318

State Farm Mutual Automobile Insurance Company

                          EXHIBIT "E-1"

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**

February 19, 2020

Harold Dewalt
8 N Main St
Nazareth PA  18064

State Farm Claims
PO Box 106171
Atlanta GA 30348-6171

RE:   Claim Number:        38-0966-V77
      Date of Loss:        July 3, 2017
      Our Insured:         Alex Gill
      Policy Number:       838530038N
      Your Client(s):      M████████ & B███ G██

Dear Harold Dewalt:

This letter will confirm that State Farm is tendering the excess UIM limits of 15/30 under Alex Gill's policy, number 8385-300-38 for M█████ and B███ G██.

Once the court has settled the claims, please provide a copy of the court order showing the breakdown of the settlements.  I can then issue the settlement checks.

If you have any questions, please contact me at the telephone number below.

Sincerely,

Paula Trechock
Claim Specialist
(610) 361-5774
Fax: (855) 820-6318

State Farm Mutual Automobile Insurance Company

EXHIBIT "E-2"



## CONTINGENT FEE AGREEMENT

**KNOW ALL MEN BY THESE PRESENTS**, that I/We, the undersigned, do hereby irrevocably name, appoint and retain HAROLD J.J. DeWALT, JR., ESQUIRE, my/our true and lawful attorney in the handling or prosecution, or the trial, or the settlement of any claim of the undersigned against

DIEGO AROCA, ET AL.

and such other persons or entities as may be liable for damages sustained by reason of

MVA ON 7/3/2017

to do all lawful acts requisite to prosecute, adjust or compromise said claim or claims and to execute all documents pertaining thereto, with exclusive right to conduct all trials and negotiations, make settlement and receive payments; hereby ratifying and confirming all that said attorney or his substitute shall do herein by virtue of these presents on my/our behalf subject to all settlements being approved by me/us.

And in consideration of services performed and to be performed, it is agreed that said attorney shall receive thirty-~~five~~ 25% per cent of any amount recovered before suit has been commenced, or 30% per cent of any amount recovered after suit has been commenced by the filing of a Complaint or Summons, such amount to be calculated prior to the deduction of costs and expenses incurred.

Costs and expenses incurred in the prosecution of this claim, such as the costs of filing suit, costs of service of process, costs of depositions, costs of investigations, costs for obtaining records and reports and costs for retaining expert witnesses shall be borne and paid by me/us and not by the attorney above-named. If set forth in writing and agreed upon by said attorney and me/us, costs and expenses shall initially be paid by the attorney who shall be reimbursed by me/us for such costs and expenses after receipt of settlement or judgment monies. ~~In all other cases, all costs and expenses are to be paid by me/us as they are submitted to me/us by said attorney. The paying of some costs or expenses by said attorney, in the absence of a writing and agreement obligating said attorney to~~

EXHIBIT "F-1"

~~do so, shall not be construed as a waiver of my/our obligation to pay any other costs and expenses incurred.~~

~~Should no money be received by settlement or suit, said attorney shall have no claim of any kind against me/us for services rendered. In such event, said attorney shall be reimbursed by me/us for costs and expenses incurred, if any.~~

It is understood and agreed that the obligation of the attorney hereunder does not include the filing or handling of any appeal.

It is understood that I/We will give complete cooperation to said attorney in prosecuting this matter.

If, for whatever reason, the attorney-client relationship ceases between said attorney and me/us, I/We hereby authorize said attorney to bill me/us at a rate of Two Hundred Fifty ($250.00) Dollars an hour for the time he has expended in prosecuting this matter as of that time, and I/We further agree that I/We shall reimburse said attorney for any costs he has incurred incident to said prosecution.

The foregoing paragraph shall not be construed as precluding any other recourse or legal action that may be pursued by either party to enforce this Agreement and the specific terms hereof, including the legal entitlement to a percentage of the ultimate settlement or judgment monies.

This document has been executed in duplicate of which one (1) copy has been received by me/us upon execution.

**IN WITNESS WHEREOF,** I/We hereunto set our hand(s) and seal(s) this 24th day of _____ July _____, 20 17 with the express intent to be bound hereby.

_____    _____ (SEAL)
WITNESS

_____    _____ (SEAL)
WITNESS

_____ (SEAL)

contingent fee agreement                EXHIBIT "F-2"

**LIST OF GENERAL EXPENSES REGARDING**
**ANTHONY C. COPPOLELLA, ET AL. vs. DIEGO I. AROCA, ET AL.**
**U.S.D.C. MIDDLE DISTRICT OF PENNSYLVANIA CIVIL ACTION No. 3:19-CV-0303**

| | | | |
|---|---|---|---|
| 07/18/2017 | Commonwealth of Pennsylvania for copy of Police Crash Report | $ | 22.00 |
| 07/27/2017 | U.S. Postal Service for certified mail to NYC Stone Corporation | $ | 7.71 |
| 06/11/2018 | TV News Watchers for CDs of accident | $ | 212.50 |
| 02/21/2019 | Clerk, U.S. District Court for filing of Complaint | $ | 400.00 |
| 02/22/2019 | U.S. Postal Service for certified mail to Multi-Phase Electrical Services, Inc. | $ | 8.35 |
| 04/04/2019 | Commonwealth of Pennsylvania for Pennsylvania State Police accident reconstruction report and photos | $ | 50.45 |
| 04/17/2019 | U.S. Postal Service for certified mailings to Chris J. Carling, Esquire and Jack T. McGrath, Esquire | $ | 17.90 |
| 04/19/2019 | Dan's Camera City for two (2) copies of DVD from Pennsylvania State Police and two (2) copies of DVD from TV News Watch | $ | 58.28 |
| 05/03/2019 | U.S. Postal Service for packages mailed to Attorney Carling and Attorney McGrath | $ | 15.80 |
| 06/10/2019 | Clerk, U.S. District Court for filing of Complaint against Nordic Contracting Company, Inc. | $ | 400.00 |
| 06/14/2019 | U.S. Postal Service for certified mail to Nordic Contracting Company, Inc. | $ | 8.35 |
| 06/27/2019 | Soraya Rivera for translating at Diego Aroca and Maria Arce depositions taken on 06/07/2019 | $ | 297.78 |

EXHIBIT "G-1"

| 07/01/2019 | Prothonotary of Northampton County for protective filing of Complaint against Doe Company, Doe Corporation, Doe Municipality and Doe Organization | $  152.25 |
| 08/06/2019 | Panko Reporting for attendance fee and transcripts of the depositions of Diego Aroca and Maria Arce taken on 06/07/2019 | $  998.80 |
| 08/06/2019 | U.S. Postal Service for certified mailing to Sapaksh Vij Agency, LLC and two (2) certified mailings to Campisano Insurance Agency | $   20.55 |
| 12/18/2019 | U.S. Postal Service for package mailed to Assistant District Attorney Rachael Pugh, Esquire | $   14.35 |
| | TOTAL: | $2,685.07 |

The breakdown of the total general expenses between the eight (8) Plaintiffs is as follows:

| Anthony C. Coppolella | $335.65 |
| Kelli S. Coppolella | $335.64 |
| Anthony M. Coppolella | $335.63 |
| V██████  G. C████████ | $335.63 |
| M██████  S. G██ | $335.63 |
| B█████ W. G██ | $335.63 |
| N██████ K. K█ | $335.63 |
| G█████████ M. K███ | $335.63 |

## LIST OF EXPENSES REGARDING G.M.K.
## ANTHONY C. COPPOLELLA, ET AL. vs. DIEGO I. AROCA, ET AL.
## U.S.D.C. MIDDLE DISTRICT OF PENNSYLVANIA CIVIL ACTION No. 3:19-CV-0303

| | | |
|---|---|---|
| 07/12/2018 | Curtis Kemmerer for copies of medical records | $   9.00 |
| 07/19/2018 | MRO for copies of medical records from LVPG Family Medicine – Southside | $ 90.76 |
| 07/19/2018 | IOD Incorporated for copies of medical records from Lehigh Valley Hospital – Hazleton | $ 77.23 |
| 09/05/2018 | LVHN for copies of medical bills | $   6.50 |
| 07/10/2020 | Robert W. Mauthe, M.D. for Independent Medical Examination and report | $400.00 |

TOTAL:   $583.49

PLUS ONE-EIGHTH (1/8) SHARE OF TOTAL GENERAL EXPENSES:   $335.63

TOTAL:   $919.12

EXHIBIT "H"

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

ANTHONY C. COPPOLELLA, et al.,      :
                                    :
                Plaintiffs          :   CIVIL ACTION NO. 3:19-CV-303
                                    :
        vs.                         :   (JUDGE MANNION)
                                    :
DIEGO I. AROCA, et al,              :   (MAGISTRATE JUDGE SAPORITO)
                                    :
                Defendants          :

**STATEMENT UNDER OATH OF KENNETH D. KING, PARENT AND
NATURAL GUARDIAN OF G█████████ M. K███**

AND NOW, this 21ˢᵀ day of ꓯꓷꓱꓷꓢꓔ , 2020, comes

Kenneth D. King, parent and natural guardian of G█████████ M. K███,

who hereby attests as follows:

1.   I have read and understood the contents of the report of

Robert W. Mauthe, M.D. dated July 24, 2020 concerning G█████████ M.

K███.

2.   I concur with Dr. Mauthe's statements and opinions

concerning the present physical and mental condition of G█████████.

3.   I have read and understood the contents of the Petition to

Compromise the Claim of Minor, G█████████ M. K███, and to Authorize

Distribution of Settlement Proceeds.

EXHIBIT "I-1"

4.   I approve of the proposed settlement and distribution proposed in the subject Petition.

I, Kenneth D. King, hereby verify that the statements made hereinabove are true and correct to the best of my knowledge, information and belief.  I understand that any statements herein are made subject to the penalties of state and federal law concerning unsworn falsification to authorities.

_____
KENNETH D. KING


COMMONWEALTH OF PENNSYLVANIA       )
                                   )   SS:
COUNTY OF NORTHAMPTON              )

On this 21ST day of AUGUST , 2020, before me, a Notary Public in and for the County and State aforesaid, the undersigned officer, personally appeared Kenneth D. King, known to me (or satisfactorily proven) to be the person whose name is subscribed to the foregoing instrument, and in due form of law acknowledged that he executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I have hereunto set my hand and notarial seal.

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Sandra K. Kerrigan, Notary Public
Nazareth Boro, Northampton County
My Commission Expires Feb. 22, 2021
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

2

EXHIBIT "I-2"

RELEASE OF CLAIMS                                    CLAIM NO: AUT291003

In consideration of the sum of Thirty-Five Thousand Eight Hundred Dollars (35,800.00), to be paid within thirty (30) days of the execution of this Release of this settlement, for myself and for my heirs, personal representatives and assigns, I do hereby release and forever discharge Diego I. Aroca and New York City Stone Corporation and the Hartford Insurance Company, formerly known as Navigators, their heirs, representatives and assigns, from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of action, on account of all personal injury, disability, property damage, loss or damages of any kind already sustained or that I may sustain in consequence of a accident that occurred at on Interstate 80 Westbound in Foster Township, Luzerne County, Pennsylvania. This Release is meant to address but is not limited to my claims as outlined in the civil action Complaint filed in the Middle District Court of Pennsylvania at docket number 3:19-cv-00303.

To procure payment of the said sum, I hereby declare: that I am more than 21 years of age; that no representations about the nature and extent of said injuries, disabilities or damages made by any physician, attorney or agent of any party hereby released, nor any representations regarding the nature and extent of legal liability or financial responsibility of any of the parties hereby released, have induced us to make this settlement; that in determining said sum there has been taken into consideration not only the ascertained injuries, disabilities and damages, but also the possibility that the injuries sustained may be permanent and progressive and recovery therefrom uncertain and indefinite, so that consequences not now anticipated may result from the said accident.

I hereby agree that, as a further consideration and inducement for this compromise settlement, this settlement shall apply to all unknown and unanticipated injuries and damages resulting from said accident, casualty or event, as well as to those now disclosed.

I understand that the parties hereby released admit no liability of any sort by reason of said accident and that said payment and settlement in compromise is made to terminate further controversy respecting all claims for damages that I have heretofore asserted or that our personal representative might hereafter assert because of the said accident.

By execution of this Release I agree to take responsibility for the payment and/or full satisfaction of any liens that have or will be asserted as a result of the accident noted above. This responsibility does not preclude me or my personal representative from negotiating the amount of liens with the lienholders.

I further understand and agree that this Release is inclusive of any and all present and future liens or claims for subrogation against the payments to be made in accordance with this Release. I understand and agree that I am responsible for the payment of any liens or charges against the payments to be made hereunder should any such liens, subrogation claims, or claims for expenses and charges be asserted. This includes, but is not limited to, medical expense liens, workers' compensation liens, ERISA liens, liens asserted by any federal, state, or local governmental entity or agency or any health care benefit claim, as well as, all Medicare and Medicaid claims and DPW liens. Should any person or entity make claim for payment of any liens or charges against the above released individual(s) and entities. I agree to indemnify and hold harmless the above released individual(s) and entities from any such liens, charges, fees, claims attorney fees, costs, interest and any other sum.

I understand and agree that any court approval necessary for the execution of this Release has or will be sought and is the exclusive responsibility of the undersigned and/or the undersigned's legal counsel. The undersigned agrees to indemnify and defend the parties and entities released hereto from any claim against the above named entities made on the basis that court approval was required but not obtained.

EXHIBIT "J-1"

I agree to indemnify and hold harmless Diego I. Aroca and New York City Stone Corporation and the Hartford Insurance Company, formerly known as Navigators, and to satisfy in full, any and all claims or liens, such as medical liens, property damage liens, state disability liens, personal injury protection liens, income continuation liens, attorney's liens and any and all other liens asserted by any person, firm, corporation or governmental entity as a result of the within incident, presently existing or that might exist in the future against us on the settlement fund herein by any person, entity or corporation. This agreement does not preclude me or my personal representative from negotiating the amount of the liens with the lienholders.

Notwithstanding anything implied or stated in this Release to the contrary, I reserve the right to pursue any claims that I had, have or may in the future have against any health care provider, insurer, governmental agency or other entity, for services, benefits or payments that were, are or may be due or owing to me or on my behalf as a consequence of the subject accident and the injuries resulting therefrom. This includes, but is not limited to, any claim for health care services and health care benefits or payments; unemployment compensation benefits or payments; health, accident, disability or other insurance benefits or payments; automobile, health, accident, disability or other insurance benefits or payments; and social security and other federal, state and local government agency benefits or payments which were, are or may be due as a consequence of the subject accident and the injuries resulting therefrom.

Further, notwithstanding any provision of this Release to the contrary, nothing in this Release shall be construed as extinguishing, terminating or otherwise affecting my right and entitlement to pursue, maintain and collect upon underinsured motorist claims/causes of action arising out of the incident of July 3, 2017.

Signed and sealed this _____ day of _____, 2020.

### (CAUTION - READ BEFORE SIGNING)

Witnessed by

_____        _____
                                        Kenneth D. King as P/N/G of
                                        G███████ M. K███

STATE OF PENNSYLVANIA
                                } SS
COUNTY OF NORTHAMPTON

On this _____ day of _____, 2020, before me personally appeared Kenneth D. King, as P/N/G of G███████ M. K███, to me known to be the person who executed the foregoing instrument, and acknowledged that executed the same as  free act and deed.

My commission expires _____

_____
Notary Public